ballots were valid ballots and were properly counted for the respondent Carswell.

There remains still some ballots to be considered, the validity of which was challenged upon other grounds. As to some of those specified in the notices of appeal of the relator and of the respondent, the appeal has been withdrawn. As to the remainder, we think that the decision of the learned court at Special Term was correct, except in the following particulars:

Ballot numbered and designated Exhibit No. 207 is a valid ballot for the candidate Murphy, was not counted, and should be counted, and so much of the finding of fact numbered 12 as finds that this is not a valid ballot is reversed and set aside, and said vote is added to the vote of said Murphy.

Ballot numbered and designated Exhibit No. 205 is not a valid ballot for the candidate Murphy, was not counted for him, and should not be counted, and so much of the finding of fact numbered 14 as finds that said ballot is a valid ballot, and that said vote should be added to the vote of said Murphy, is reversed and set aside.

Ballot numbered and designated Exhibit No. 245 is not a valid ballot for the candidate Murphy, was not counted for him, and should not be counted for him, and so much of the finding of fact numbered 20 as finds that said ballot is a valid ballot, and that said vote should be added to the vote of said Murphy, is reversed and set aside.

As to ballots numbered and designated Exhibits Nos. 299 and 300, it is conceded that these are not good ballots. The only question raised upon this appeal is whether they had been counted for the candidate Murphy. The court at Special Term found that they had been, and directed that two votes be deducted from his vote. The evidence upon this question is not conclusive. For this reason we decline to interfere with the finding of the Special Term respecting the same. For the same reason we decline to interfere with the finding of the said court respecting ballots numbered and designated Exhibits Nos. 344, 358, 366, and 367.

We think that the order of the Special Term should be modified in the respects above noted, and, as modified, affirmed, without costs, and that the stay of proceedings heretofore granted should be vacated. All concur.

---

PEOPLE ex rel. BRADY v. HOGAN et al.

(Supreme Court, Appellate Division, Second Department.   December 17, 1914.)

Appeal from Special Term, Kings County.

Application by the People, on the relation of Philip Brady, for a writ of mandamus against Michael J. Hogan and others, comprising the Board of County Canvassers of Kings County, and another. From an order, relators appeal. Order reversed, and motion for peremptory writ denied.

PER CURIAM. Order reversed, and motion for a peremptory writ of mandamus denied, as matter of law and not in the exercise of discretion, on authority of People ex rel. Dietz v. Hogan, 151 N. Y. S. 261, decided herewith